```
```

```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                    AT CHARLESTON
```

IN RE JULIE RENEE BUTLER

        Debtor.        Bankruptcy No. 11-20818

VANDERBILT MORTGAGE AND FINANCE, INC.,

    Appellant,

v.                        Civil Action No. 2:13-9261
                           (Adversary No. 2:12-2026)
                         Lead Action

JULIE RENEE BUTLER,

    Appellee.

VANDERBILT MORTGAGE AND FINANCE, INC.,

    Petitioner,

v.                        Misc. Action No. 2:13-0048
                         (Adversary No. 2:12-2026)
                         Consolidated Action

JULIE RENEE BUTLER,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are the motions (1) to stay adversary proceeding pending appeal ("motion to stay"), and (2) to temporarily stay the same proceeding pending a determination of the motion to stay ("motion for temporary stay"), filed April 16, 2013.

Inasmuch as the court will address the motion to stay, it is ORDERED that the motion for temporary stay be, and hereby is, denied.  It is further ORDERED that the above-styled civil and miscellaneous actions be, and hereby are, consolidated.  The civil action is designated as the lead action.  All further filings shall be captioned and docketed in that case.

I.

On November 28, 2011, appellee Julie Renee Butler petitioned for Chapter 13 relief.  On December 23, 2011, she filed her proposed Chapter 13 plan.  Under the Class Four section of the form Chapter 13 plan, she moved to value a manufactured home, and apparently the lot upon which it sat.  The manufactured home was financed by Oakwood Acceptance Corporation, LLC, and the servicer was Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt").  Ms. Butler valued the manufactured home at $18,846.82 and the real estate at $5,000.00, for a total of $23,846.82.

Ms. Butler listed the amount owed, apparently on the manufactured home alone, at $59,400.00, a balance that she

reflected as "disputed."[1]  (Prop. Plan at 6).  On December 23, 2011, the bankruptcy court ordered Ms. Butler to begin making the proposed monthly Chapter 13 plan payment of $633.00 to the trustee, a portion of which was designed to amortize, with interest, the $23,846.82 valuation she placed upon the manufactured home.

On January 25, 2012, Vanderbilt objected to confirmation.  It asserted that the payoff on the debt owed was, in actuality, $60,388.40.  On February 7, 2012, the Chapter 13 trustee, Helen M. Morris, recommended rejection of the proposed plan.  She cited a host of reasons, one of which was Vanderbilt's pending objection to confirmation.

On May 14, 2012, the trustee moved to dismiss the case arising out of Ms. Butler's failure to make plan payments.  The trustee disclosed that Ms. Butler's last payment, in the amount of $1,000, was made on February 27, 2012, and that she was then in arrears in the sum of $2,165.  On May 16, 2012, the trustee reiterated her recommendation that the proposed plan be rejected.  In addition to other reasons, the trustee noted that "The Plan provided that an AP would be filed against Vanderbilt.  No AP has been filed."  (Trustee Recomm. at 1).

---

[1] The obligation appears to have arisen from an August 23, 2002, promissory note in the amount of $57,058.94 executed by Ms. Butler.  In May 2011, Ms. Butler defaulted on the debt.

3

On May 23, 2012, Ms. Butler instituted the promised adversary proceeding. She alleged generally that Vanderbilt had engaged in predatory lending. The complaint asserted that the action was a core proceeding and stated claims for (1) unconscionable inducement to enter into the promissory note, including the failure to provide loan documents in advance of closing and that the loan had unfair and unexplained terms, (2) abusive debt collection practices in servicing the loan, (3) intentional infliction of emotional distress, and (4) invasion of privacy.

The same day, the bankruptcy court sustained the trustee's and Vanderbilt's objections to Ms. Butler's proposed plan. Ms. Butler was ordered to file an amended proposed plan on or before June 21, 2012. On June 12, 2012, the amended proposed plan was filed.

On July 2, 2012, Vanderbilt moved to compel arbitration and stay the adversary proceeding. On July 11, 2012, Ms. Butler filed an amended complaint. She added a fifth claim for relief, alleging unconscionability of the arbitration agreement contained within the loan documents. On July 18, 2012, the trustee objected to confirmation of the amended proposed plan and recommended dismissal of the case. She asserted as follows:

4

> The debtor is delinquent in plan payments to the trustee on the Chapter 13 plan and is in default in the amount of $3,431.00. The Trustee filed a motion to dismiss for failure to maintain payments on May 14, 2012. The plan is so delinquent that consideration on the merits of the plan is unnecessary. A hearing on the motion to dismiss is scheduled for September 26, 2012. The debtor has made no payments since February 2012.

(Trustee Recomm. at 1). On July 30, 2012, the bankruptcy court denied confirmation of the amended proposed plan and directed Ms. Butler to file a second amended proposed plan on or before August 29, 2012.

On July 30, 2012, Vanderbilt moved to dismiss the amended complaint in the adversary proceeding. It asserted, <u>inter alia</u>, that the Federal Arbitration Act ("FAA") preempted the newly added fifth claim for relief.

On August 28, 2012, Ms. Butler filed a second amended proposed plan. On October 4, 2012, the trustee objected to confirmation. She noted, <u>inter alia</u>, that the second amended plan failed to state a plan payment amount or the plan length. A separate document filed the same day entitled "Trustee's Recommendation Regarding Confirmation" provides the following reasons for recommending against confirmation:

> 1   The debtor is NOT current on plan payments. The default is in the amount of $3,747.50 excluding the October 2012 payment. The Trustee cannot recommend confirmation with payments in default.

> 2   The following are issues that need to be resolved prior to confirmation:
>
>     - Objection by Vanderbilt Mortgage
>
> 3   The plan proposes an A.P. or an A.P. is pending and confirmation would be premature prior to the conclusion of the A.P.

(Trustee's Recomm. at 1).

On August 30, 2012, the bankruptcy court held a hearing on Vanderbilt's motions to compel arbitration and to dismiss. On September 18, 2012, the bankruptcy court entered a one-page order denying the motions and, additionally, striking them from the docket. On October 2, 2012, Vanderbilt noticed an appeal and moved the bankruptcy court to stay the adversary proceeding pending the appeal. Within the notice of appeal, Vanderbilt alternatively sought leave to appeal pursuant to, inter alia, 28 U.S.C. § 158(a), which provides that an appeal may be taken "with leave of the court, from . . . [certain] interlocutory orders and decrees[.]"  Id.

On October 17, 2012, Ms. Butler filed a third proposed amended plan. The payments for the third proposed amended plan, payable over 36 months, totaled $37,980, well over half of which consisted of the Vanderbilt claim. On November 15, 2012, she filed a second amended complaint. The second amended complaint confined Ms. Butler's claims to (1) a contract defense of

6

unconscionablity aimed at Vanderbilt's proof of claim and lien, and (2) her claim regarding the unconscionability of the arbitration clause. On November 16, 2012, Ms. Butler formally objected in the main case to Vanderbilt's claim, essentially incorporating the allegations of the second amended complaint.

On November 20, 2012, the trustee noticed the bankruptcy court that her recommendation as to the second amended proposed plan applied with equal force to the third amended proposed plan. That same day, the bankruptcy court entered an order (1) permitting the filing of the second amended complaint, (2) allowing further briefing respecting arbitrability as to the second amended complaint, (3) setting aside its September 18, 2012, order denying and striking Vanderbilt's motions to compel and dismiss, and (4) treating certain filings, including the notice of appeal, as moot.

On December 4, 2012, Vanderbilt moved to compel arbitration of the claims found in the second amended complaint. On December 21, 2012, the bankruptcy court combined Ms. Butler's objection to Vanderbilt's claim with Ms. Butler's claims in the adversary proceeding. It noted "that the claim objection rises or falls on the Debtor's litigation against Vanderbilt . . . ." (Ord. at 1). On January 22, 2013, the trustee moved anew to dismiss the main case based upon Ms. Butler's failure to make

7

plan payments, noting a payment arrearage at the time of $4,380.50.

On February 4, 2012, based upon its reading of <u>In re White Mountain Mining Co., L.L.C.</u>, 403 F.3d 164 (4th Cir. 2005), the bankruptcy court denied Vanderbilt's renewed motion to compel arbitration, stating, <u>inter alia</u>, as follows:

> Plaintiff's claims in her adversary proceeding are raised in objection to the validity and amount of Vanderbilt's proof of claim against the estate and directly impact confirmation of the Chapter 13 plan, which is delayed pending resolution of the adversary proceeding. As a result, these claims are core to the bankruptcy estate and stem from the bankruptcy itself. See 28 U.S.C. § 157(b)(2)(A), (B), (C), (K), <u>Stern</u>, 131 S. Ct. at 2618. Because Plaintiff's adversary proceeding necessarily must be resolved as part of the bankruptcy, there is an "inherent conflict between arbitration and the purposes of the Bankruptcy Code," <u>White Mountain</u>, 403 F.3d at 170. As a result, arbitration is not appropriate, and the Defendant's motion is hereby denied.

(Feb. 4 Ord. at 3-4). On February 18, 2013, Vanderbilt noticed an appeal, again alternatively seeking leave to appeal pursuant to section 158(a)(3). Vanderbilt simultaneously moved in the bankruptcy court for a stay of the adversary proceeding pending appeal.

On April 1, 2013, Ms. Butler served written discovery requests upon Vanderbilt, the responses to which would have been due on May 6, 2013. The February 18, 2013, notice of appeal

8

having not been transmitted, Vanderbilt instituted the above-captioned miscellaneous action on April 16, 2013, which was followed by Vanderbilt filing the instant motion to stay and motion for temporary stay.[2]  On April 26, 2013, the February 18, 2013, notice of appeal filed in the bankruptcy court was transmitted to the district court following inquiry by the district court Clerk's office.

On April 8, 2013, the bankruptcy court denied the motion to stay pending appeal then pending before it.  On April 22, 2013, the bankruptcy court additionally entered a scheduling order setting deadlines, <u>inter</u> <u>alia</u>, as follows:

    Discovery deadline            June 5, 2013

    Summary judgment deadline     July 5, 2013

    Trial                         August 13, 2013

On April 29, 2013, the bankruptcy court concluded the motion to dismiss the main case was moot based upon Ms. Butler's filing of a request for entry of an amended wage order.  The

---

[2] On April 18, 2013, Vanderbilt moved in the miscellaneous case to shorten the briefing schedule and for expedited consideration ("motion for expedited consideration") of the instant motion for temporary stay.  The briefing respecting the motion for expedited consideration ripened on April 25, 2013. On April 26, 2013, the court denied the motion for expedited consideration and ordered Ms. Butler to respond to the motion to stay and motion for temporary stay on or before May 6, 2013, with any reply filed by May 13, 2013.  The court stated further that it would "promptly address the two stay requests following the conclusion of the briefing thereon."  (Ord. at 1).

bankruptcy court additionally directed that a status hearing would be held in the main case in four months to assess its progress.

On May 2, 2013, Vanderbilt petitioned for a writ of mandamus in the court of appeals. It asserted that the April 26, 2013, district court order denying its motion for expedited consideration of its motion to stay and motion for temporary stay warranted the extraordinary relief sought. It additionally moved the court of appeals for an emergency stay of all proceedings pending a decision on the writ of mandamus or the undersigned's ruling on the motion to stay and motion for temporary stay ("emergency stay motion"). The next day, May 3, 2013, the court of appeals denied the emergency stay motion. On May 7, 2013, the parties jointly moved to withdraw the petition for a writ of mandamus. Vanderbilt sought leave to refile the same if the district court denied its motion to stay. The court of appeals granted the motion the same day.

Also on May 7, 2013, the parties jointly moved the bankruptcy court to amend its scheduling order in the adversary proceeding. On May 9, 2013, the joint motion was granted. The revised schedule, inter alia, moves the discovery deadline to July 5, 2013, and the filing of dispositive motions to July 15, 2013. The parties additionally stipulated in their joint motion

10

that they will not engage in further discovery in the adversary proceeding prior to the earlier of June 5, 2013, or an order by this court denying Vanderbilt's motion for stay and motion for temporary stay.

II.

The appeals provision of the Federal Arbitration Act, found in 9 U.S.C. § 16(a)(1)(A) and (B), provides as follows:

   (a) An appeal may be taken from--

      (1) an order--

         (A) refusing a stay of any action
         under section 3 of this title,
         [and]

         (B) denying a petition under
         section 4 of this title to order
         arbitration to proceed,

9 U.S.C. § 16(a)(1)(A) and (B).  In <u>Levin v. Alms and Associates, Inc.</u>, 634 F.3d 260 (4th Cir. 2011), our court of appeals observed as follows respecting the continuation of proceedings in the district court upon an appeal of its decision denying arbitrability:

> The core subject of an arbitrability appeal is the
> challenged continuation of proceedings before the
> district court on the underlying claims. Therefore,
> because the district court lacks jurisdiction over
> "those aspects of the case involved in the appeal," it
> must necessarily lack jurisdiction over the
> continuation of any proceedings relating to the claims
> at issue.  That the present case involves only the

11

> continuation of discovery does not change that rationale. Discovery is a vital part of the litigation process and permitting discovery constitutes permitting the continuation of the litigation, over which the district court lacks jurisdiction. Furthermore, allowing discovery to proceed would cut against the efficiency and cost-saving purposes of arbitration.  Also, allowing discovery to proceed could alter the nature of the dispute significantly by requiring parties to disclose sensitive information that could have a bearing on the resolution of the matter. If we later hold that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process.

Id. at 264-65 (citations omitted).  Based in part on this analysis, the court of appeals concluded as follows:

> We . . . hold that an appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited. In the event that such certification occurs, the party alleging arbitrability may move this court to stay the district court proceedings pending a review of the frivolousness determination. Given that the district court here specifically held that the appeal was not frivolous, a stay of the action during the pendency of this appeal was required.

Id. at 266.

The bankruptcy court made no finding or certification of frivolousness in its April 8, 2013, order denying a stay pending appeal.  Based upon the decision in Levin, it is ORDERED as follows:

1.  That the motion to stay be, and hereby is, granted;

2.  That the bankruptcy adversary proceeding be, and hereby is, stayed pending disposition of the instant appeal;

3.  That the parties be, and hereby are, directed to submit no later than June 10, 2013, a stipulation of factual and procedural development or, in the alternative, advise the court that the foregoing recitation in section I suffices for that purpose; and

4.  That a briefing schedule be, and hereby is, established as follows: (a) Vanderbilt's brief due on or before June 26, 2013; (b) Ms. Butler's response brief due on or before July 17, 2013; and (c) Vanderbilt's reply due on or before August 1, 2013.

The Clerk is directed to forward a copy of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: May 14, 2013

_____
John T. Copenhaver, Jr.
United States District Judge